PER CURIAM.
This is an appeal from a final summary judgment entered in favor of the defendants in an invasion of privacy action. We affirm.
The gravamen of the right of privacy claim herein is the publication of the plaintiffs’ names and addresses, as parents of a fugitive from justice, on a wanted poster distributed by the defendant surety company after the plaintiffs’ son jumped bail on certain illegal drug charges. The defendants had posted a bail bond on these charges in the amount of $250,000 for the plaintiffs’ son; the plaintiffs, in turn, pledged certain collateral to the defendants to secure the bail bond and signed an indemnity agreement in favor of the defendants.
Under these circumstances, there can be no cause of action for invasion of privacy because: (a) the plaintiffs voluntarily involved themselves in the entire matter of their son’s bail bond by pledging collateral and signing an indemnity agreement on the subject bond and cannot now complain about the use of their names and addresses in a wanted poster to secure their son’s arrest after the son jumped bail; (b) the entire matter of the son jumping bond was an event in which the public had a legitimate interest, to wit: securing a criminal fugitive’s, arrest, as to which the subject publication played a useful role in properly identifying the fugitive; and (c) Section 540.08, Florida Statutes (1983) has no application to this case because the defendants’ wanted poster fell within the exemption provisions of subsection (3)(a) of the above statute. See Cason v. Baskin, 155 Fla. 198, 215, 20 So.2d 243, 251 (1944); see also *100 Valentine v. C.B.S., Inc., 698 F.2d 430 (11th Cir.1983).
Affirmed.